IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

Adicson A. Gutierrez Martinez, Plaintiff, vs. Alexis McElrath, Defendant.

C/A No. 6:26-cv-02021-JDA-KFM

**REPORT OF MAGISTRATE JUDGE**

The plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

The plaintiff's complaint was entered on the docket on May 19, 2026 (doc. 1). By order filed June 16, 2026, the plaintiff was provided instructions on how to bring his case into proper form (doc. 7). The plaintiff complied with the court's order, bringing his case into proper form. Upon review, the plaintiff's complaint fails to state a claim upon which relief may be granted; thus, the undersigned recommends dismissal of the case.

**ALLEGATIONS**

This is a § 1983 action filed by the plaintiff, a pretrial detainee at the Greenville County Detention Center ("the Detention Center") seeking money damages and injunctive relief from the defendant (doc. 1). Of note, the plaintiff's complaint involves pending charges in the Greenville County General Sessions Court for murder, attempted murder, possession of a weapon during a violent crime, conspiracy, burglary first degree,

and possession of a firearm by an alien.[1] *See* Greenville County Public Index, https://www2.greenvillecounty.org/SCJD/ PublicIndex/PISearch.aspx (enter the plaintiff's name and 2025A2330210330, 2025A2330210331, 2025A2330210332, 2025A2330211001, 2025A2330211002, 2025A2330211003) (last visited August 6, 2026).

The plaintiff alleges violations of his Fourth and Fourteenth Amendment rights based on violations of the neutral and detached magistrate clause (doc. 1 at 4, 6). The plaintiff contends he was arrested without a warrant, which violates state law (*id*.). The plaintiff contends that he was arrested on October 13, 2025, at his house after he was shown a piece of paper with his picture on it (*id*. at 5, 6). The plaintiff was questioned without being provided a lawyer for four hours and was placed in intake at the jail for three days (*id*. at 6). The plaintiff contends that Judge McElrath presided over his bond hearing even though she also signed his warrant (*id*. at 6, 7). The plaintiff contends that he was never given a probable cause hearing (*id*. at 5, 6–7). He also contends that "you can see [Judge McElrath] hold the acts on Fox News when this happened" (*id*. at 7 (all caps omitted)).

The plaintiff contends that because Judge McElrath signed the warrants, she could not preside over the plaintiff's bond hearing as a neutral and detached magistrate (*id*. at 7). He also contends there were *ex parte* communications that violated his rights (*id*.). The plaintiff contends the defendant violated state law (*id*. at 8–9). Judge McElrath is not neutral or detached because she is located at the law enforcement center (*id*. at 10). The plaintiff also provides quotes from cases arguing that judicial immunity should not apply (*id*.).

---

[1] *Phillips v. Pitt Cnty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

The plaintiff's injuries include emotional distress, loss of relationship with family, slander, and lost wages (*id*. at 11). For relief, the plaintiff seeks money damages (*id*.). Attached to the plaintiff's complaint is a copy of one of the warrants issued for his arrest (doc. 1-1).

**STANDARD OF REVIEW**

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the plaintiff is a prisoner under the definition of 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if the plaintiff had prepaid the full filing fee, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private

right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

As noted above, the plaintiff filed the instant action against the defendant seeking money damages. For the reasons that follow, it is recommended that this action be dismissed.

**Judicial Immunity**

Judge McElrath (a South Carolina Magistrate Court Judge), the defendant in this action, is subject to dismissal because of judicial immunity. It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–64 (1978); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted). Although the plaintiff attempts to describe Judge McElrath's actions as part of a violation of the separation of powers required under the Constitution, all of his allegations involve Judge McElrath's judicial actions in signing an arrest warrant

for the plaintiff and ruling on bond matters in the plaintiff's criminal cases; as such, judicial immunity squarely applies and any claims against Judge McElrath should be dismissed.[2]

**Fourth Amendment Claims**

The plaintiff's Fourth Amendment claim regarding his arrest is subject to dismissal for failure to state a claim. The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Section 1983 actions premised on malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (recognizing that a plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"). Here, although the plaintiff contends he was arrested without a warrant, the documents submitted to the court with his complaint make it clear that he was arrested pursuant to a warrant (*see* doc. 1-1) – meaning that his Fourth Amendment claim is properly analyzed as one for malicious prosecution instead of false arrest. *See Smith v. Munday*, 848 F.3d 248, 257 (4th Cir. 2017) (noting that "[a] claim for false arrest alleges that a warrantless arrest lacked probable cause; a claim for malicious prosecution alleges that an arrest made pursuant to a warrant lacked probable cause."). Here, the plaintiff has not named a party who arrested him as a defendant in this action, making this claim subject to dismissal. Nevertheless, even had the plaintiff named a proper defendant for purposes of this claim, his claim would still be subject to dismissal.

[2] To the extent the plaintiff tries to avoid judicial immunity by asserting that Judge McElrath was on Fox News with unspecified "acts", the undersigned addresses that allegation below as frivolous.

To state a malicious prosecution claim, the plaintiff must allege that he was (1) seized pursuant to legal process not supported by probable cause and (2) that the criminal proceedings terminated in his favor. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183–84 (4th Cir. 1996); *see Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 561–64 (2024) (holding that a malicious prosecution claim can succeed when there is a baseless charge accompanied by a valid charge).

Here, the plaintiff cannot meet the elements of a malicious prosecution claim – even evaluating his pending charges separately. The plaintiff's claim fails because he has not alleged a favorable termination on his charges as they remain pending at this time. *See Thompson v. Clark*, 596 U.S. 36, 39, 44 (2022) (noting that a Fourth Amendment claim requires showing a "favorable termination of the underlying criminal prosecution"); *see also* Greenville County Public Index, (enter the plaintiff's name and 2025A2330210330, 2025A2330210331, 2025A2330210332, 2025A2330211001, 2025A2330211002, 2025A2330211003) (last visited August 6, 2026). The plaintiff's conclusory assertion that he was arrested without probable cause also fails to allege the other element of a malicious prosecution claim. As such, the plaintiff's Fourth Amendment claims are subject to summary dismissal for failure to state a claim (even had he named a party subject to suit for purposes of this claim).

**Frivolous**

Even aside from the foregoing, the instant matter is subject to dismissal as frivolous. It is well-settled that the court has the authority to dismiss claims "whose factual contentions are clearly baseless." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (citation omitted). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept

all well-pleaded allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even when reviewed in a light most favorable to the plaintiff, the complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. *See Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). For example, the plaintiff's complaint contains allegations that are baseless and groundless in nature, including that: Judge McElrath was on Fox News and held up "acts" on fox news; the office of the magistrate judge was not independent of law enforcement activity which "would distract the independent judgment" the magistrate is required to utilize; no judicial immunity applies because judges must uphold the law and cannot claim ignorance of the law; and that hybrid jail and magistrate divisions constitute *ex parte* communications (*see generally* doc. 1). These allegations are clearly groundless. Further, as the plaintiff was previously warned, the allegations in his complaint are the same that have been filed by other detainees (apparently under the guidance of another pretrial detainee) and have been routinely rejected. *See Jackson v. Wilson, et al*., 2025 WL 2778521 at *3 n.2 (collecting cases containing repetitive allegations and recommending dismissal of the claims), *Report and Recommendation adopted by* 2025 WL 2778356 (D.S.C. Sept. 26, 2025). As such, the plaintiff's complaint is also subject to summary dismissal as frivolous.

***State Law Claims***

The plaintiff's complaint also appears to assert claims based on references to various parts of the South Carolina Constitution and statutes in South Carolina (*see* doc. 1); however, the court should abstain from exercising jurisdiction over such claims. Such claims can be considered by this court through the exercise of "supplemental jurisdiction,"

which allows federal courts to hear and decide state law claims along with federal claims. *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367. However, federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." Here, as noted above, the plaintiff's federal claims are subject to dismissal. Thus, this court should decline to exercise supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

## RECOMMENDATION

The undersigned is of the opinion that the plaintiff cannot cure the defects identified above by amending the complaint. Therefore, the undersigned recommends that the district judge dismiss this action with prejudice, without leave to amend, and without issuance and service of process for failure to state a claim and as frivolous.[3] *See Britt v. DeJoy*, 49 F.4th 790 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable"). **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

August 7, 2026
Greenville, South Carolina

[3] The plaintiff is warned that if the United States District Judge assigned to this matter adopts this report and recommendation, the dismissal of this action for failure to state a claim could later be deemed a strike under the three-strikes rule. *See Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).